HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARMEN TAGEANT,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL ASHBY, in his personal capacity,<br><br>        Defendant. | CASE NO. 2:19-cv-01082-JLR<br><br>DEFENDANT MICHAEL ASHBY'S MOTION FOR CERTIFICATION OF EMPLOYMENT<br><br>NOTED ON MOTION CALENDAR:<br>Friday, August 2, 2019 |

## I. INTRODUCTION AND RELIEF REQUESTED

Carmen Tageant filed a lawsuit for assault, battery, and intentional infliction of emotional distress against Defendant Interim Chief of the Nooksack Tribal Police Department Michael Ashby *personally.* She alleges that when she arrived at the Tribal Elections Board office on January 5, 2018 to deliver her candidate application, Chief Ashby allowed her into Election office, then the Election Superintendent announced that Ms. Tageant was "too late." She alleges that Chief Ashby then "forcefully grabbed both of Ms. Tageant's arms just above her shoulders and violently pushed her back." Complaint at 4:18-19.

---

DEFENDANT MICHAEL ASHBY'S MOTION FOR
CERTIFICATION OF EMPLOYMENT - 1

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

Chief Ashby, who was only protecting the office property as a "civil standby" service denies ever touching Ms. Tageant. Because Chief Ashby was a Tribal officer and an employee of the federal government for Federal Tort Claim Act (FTCA) purposes, he tendered Ms. Tageant's lawsuit to the United States. Before the United States will accept such a tender and thus substitute itself as a defendant for a Tribal officer, it must first "certify" that the officer was a federal employee acting in the scope of his employment at the time of the incident. Here, the United States denied certification.

Accordingly, Chief Ashby respectfully seeks review of the denial pursuant to 28 U.S.C. § 2679(d)(3), and requests that this Court find and certify that he was acting within the scope of his office or employment as a federal employee at the time of the incident. The Court's certification will cause the United States to defend Chief Ashby under the FTCA.

## II. STATEMENT OF FACTS

### A. Chief Ashby Was an Employee of the Federal Government, therefore Plaintiff's Claims Are Properly Against the United States, Not Him Personally.

The Nooksack Indian Tribe is a federally recognized by Congress. On the day of the subject incident, January 5, 2018, Chief of Police Ashby was (and still is) an employee of the Nooksack Police Department and an employee of the federal government. Declaration of Chief Ashby ¶¶ 1-2. The Tribal Police Department is funded and self-governed by an Indian Self-Determination and Assistance Act PL-638 self-governance compact between the Nooksack Tribe and the United States (in short, the "638 Contract"). A copy of the federal 638 Contract (a/k/a the Annual Funding Agreement for Law Enforcement Services or a "self-determination" contract) and modifications thereto is attached to the Declaration of Thomas B. Nedderman as **Exhibit. 1**.

DEFENDANT MICHAEL ASHBY'S MOTION FOR
CERTIFICATION OF EMPLOYMENT - 2

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

The federal 638 Contract for the Nooksack Tribal Police Department states that the Police Department "[s]hall carry out patrol duties and ensure protection of life, property, and crime prevention." *Id*. at 18.

Tribal law enforcement officers are considered *employees of the federal government* for Federal Tort Claims Act (FTCA) purposes when tribal law enforcement functions—as here—are funded and performed pursuant to the 638 Contract. The 638 Contract expressly states:

> **FTCA Coverage**: For purposes of FTCA coverage, the Contractor [Nooksack Police Department] and its employees (including individuals performing personal services contracts with the Contractor to provide health care services) are deemed to be employees of the Federal government while performing work under this contract.

638 Contract at 63 (emphasis added). Accordingly, Chief Ashby should be deemed to be an employee of the federal government. All common law tort claims alleged to have been based on his conduct must be brought, as a matter of law, against the United States pursuant to the FTCA.

**B. Chief Ashby Was Acting in the Scope of His Office/Employment on January 5, 2018.**

At all relevant times, Defendant Mike Ashby was the Interim Chief of the Nooksack Tribal Police Department. *See* Declaration of Chief Mike Ashby ¶ 1. Before serving as the Interim Chief, he served as Lieutenant for the Nooksack Tribal Police Department for 12 years. *Id*. ¶ 2; *see also* Chief Ashby's *curriculum vitae* attached to his declaration as **Exhibit 2**. As part of his duties, Chief Ashby supervises, assigns, reviews, and participates in the work of law enforcement staff working under the Chief of Police. *Id*. ¶ 3; *see also* job description for Interim Chief of Police, attached to his declaration as **Exhibit 1**.

The job description states in pertinent part that the Chief:

DEFENDANT MICHAEL ASHBY'S MOTION FOR
CERTIFICATION OF EMPLOYMENT - 3

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

- Plans, organizes, directs and supervises all activities of the police department; directs selection and training of officers; develops and installs, within established policy and legal limits, departmental procedures, rules and regulations;

- Coordinates and administers daily police activities, including but not limited to, patrols, responses to calls, community relations, and report writing;

- Assures security is present at various Tribal functions; and

- Maintains support documentation and files in a manner, which protects the functions of law enforcement and the Nooksack Indian Tribe.

**Exhibit 1** Job Description at 1-2.

Required qualifications for Chief of Police position include:

- Must have a high degree of self-control in high stress situations;

- Must have a general knowledge of Indian tribal laws, customs, and traditions;

- Ability to exercise independent judgment in very complex situation with minimal supervision or direction; and

- Maintain personal integrity and cultural sensitivity.

**Exhibit 1** Job Description at 2-3.

When needed, Chief Ashby responds to calls for police assistance. *Id*. ¶ 3. Chief Ashby is familiar with the Nooksack Tribe's 638 Contract for law enforcement services, the standards of conduct pursuant thereto, and the standard operating procedures of both the State and Nooksack Tribal law enforcement agencies. *Id*. ¶ 5. He also understands the jurisdictional limitations/restrictions placed upon both state and tribal law enforcement agencies operating in and near Indian Country in Washington, namely the land of the Nooksack Indian Tribe. *Id*. Over the course of his 14 years of employment with the Tribal Police Department, Chief Ashby has provided numerous services for both past and present Tribal Elections Boards. *Id*. ¶ 6. For

DEFENDANT MICHAEL ASHBY'S MOTION FOR CERTIFICATION OF EMPLOYMENT - 4

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

example, he has been called to serve as a witness, provide security for board members and candidates, provide security for the transportation of election material such as ballots, and to close and secure election board offices and/or polling places. *Id.*

It is the Nooksack Police Department's standard operating procedure for its tribal officers to provide "civil standby" services, building security checks, and building closures. *Id*. ¶ 18. On-duty Nooksack officers will provide the requested assistance to close and secure a public office if they are available. *Id*. ¶ 19.

### C. On January 5, 2018, Chief Ashby, as Requested by the Election Superintendent, Assisted with Securing and Closing the Election Office.

On January 5, 2018, at approximately 1:50 p.m., Katrice Rodriguez, the Election Superintendent, called him to request that the Police Department assist with closing and securing the Election Board office at 2 p.m., the official deadline for accepting candidate election materials. *Id*. ¶ 9; *see also* Chief Ashby's Police Narrative Report at 3, attached to his Declaration as **Exhibit 3**. The Election Board office is adjacent to the Police Department. *Id*.

Chief Ashby, who was protecting property owned by the Tribe, arrived at the Election Board office shortly <u>before</u> 2 p.m. *Id*. ¶ 10. The Election Office, which also serves as the Tribal Council Chambers, is located on fee land owned by the Tribe. When he arrived, the Superintendent was the only person in the Board office. *Id.* Moments later, two people came in the office that he knew: Charlott Melland and Elouise Zapata, who handed the Superintendent various papers. *Id*. ¶ 11.

At 2 p.m. sharp, Election Superintendent Rodriguez announced the office closure and requested that Chief Ashby lock the front door, signifying the end for accepting candidate election materials. *Id*. ¶ 12; *see also* Police Narrative Report at 3. The only people present in

DEFENDANT MICHAEL ASHBY'S MOTION FOR CERTIFICATION OF EMPLOYMENT - 5

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. Thomas St., Suite 500
Seattle, WA 98119-4296
Tel 206 441-4455
Fax 206 441-8484

the office were Election Superintendent Rodriquez, Ms. Melland, and Ms. Zapata. *Id*. Chief Ashby looked at his Department-issued cell phone, which listed the time as 1400 hours (2:00 p.m.), and as he was locking the Election Board office doors, he saw Ms. Melland's two children arrive; informed Ms. Melland; and allowed the two children to enter while Ms. Melland completed her business. *Id*. ¶ 13. Approximately two minutes later, Chief Ashby unlocked the door to allow Ms. Zapata, Ms. Melland, and her two children to exit. *Id*. ¶ 14.

Several minutes later, at 2:04 p.m. on January 5, 2018, Plaintiff Carmen Tageant, who Chief Ashby knew previously, arrived at the Election Board office. *Id*. ¶ 15. Chief Ashby unlocked the door from inside the office and opened it. *Id*. While standing inside the entry way, he informed Ms. Tageant that the candidate acceptance period ended at 2 p.m., and that the Election Board office was officially closed. *Id*.; *see also* Police Report at 3. She argued with him and attempted to force her way past him, pushing slightly. Police Report at 3-4. He extended his arms the width of the inner door jamb to prevent any further entry and to protect the Tribe's property. *Id*. ¶ 16.

The Election Superintendent explained to Ms. Tageant that the deadline had passed and that she could not accept candidate materials after 2 p.m. *See* Police Report at 3.

Ms. Tageant stopped trying to enter the Election Board office, but continued talking to the Election Board Superintendent in an argumentative manner for the next two minutes before finally leaving. Chief Ashby did not issue a citation to Ms. Tageant because he knew that the Tribe did not have criminal jurisdiction over the Election Office.

Five days after the January 5, 2018 incident, Ms. Tageant filed this lawsuit against Chief Ashby in his *personal capacity* for tortious conduct of assault, battery, and intentional infliction of emotional distress. *See generally* Complaint. The Nooksack Tribe tendered defense

DEFENDANT MICHAEL ASHBY'S MOTION FOR CERTIFICATION OF EMPLOYMENT - 6

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

of the lawsuit to the United States because Chief Ashby was performing his law enforcement duties as a federal employee pursuant to the federal 638 Contract. Namely, he was acting within the scope of his office or employment by protecting Tribe-owned property at the time of the incident.

The United States declined to "certify" (*i.e.*, "determine") that he was acting with the scope of his federal employment at the time of the alleged incident, and therefore refused to defend him. The FTCA states that if the "Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment." 28 U.S.C. § 2679(d)(3). On this basis, Chief Ashby moves the Court to find and certify that he was acting within the scope of his office or employment at the time of the alleged incident.

### III. EVIDENCE RELIED UPON

Chief Ashby relies on the Declaration of Chief Mike Ashby and attachments thereto; the Declaration of Thomas B. Nedderman and attachment thereto; and the pleadings and files herein.

### IV. ISSUE

Should the Court find and certify that Defendant Chief Ashby was acting within the scope of his office or employment when:

(1) the 638 Contract expressly states he is an employee of the federal government when performing law enforcement work under the Contact; and

(2) he was performing law enforcement work under the Contract by protecting Tribe-owned land at the time of the incident?

DEFENDANT MICHAEL ASHBY'S MOTION FOR CERTIFICATION OF EMPLOYMENT - 7

No. 2:19-cv-01082-JLR

Floyd, Pflueger & Ringer P.S.
200 W. Thomas St., Suite 500
Seattle, WA 98119-4296
Tel 206 441-4455
Fax 206 441-8484

## V. LEGAL ARGUMENT

**A. This Court Has Jurisdiction to Decide Questions of Certification**

Pursuant to 28 U.S.C. § 2679(d)(3), the Court has jurisdiction to review the United States' denial of certification. It states that "[i]n the event that the Attorney General has refused to certify scope of office or employment under this section, the employee at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment." *Id*. If this Court so certifies, "then such action or proceeding shall be deemed to be an action or proceeding brought against the United States" and "the United States shall be substituted as the party defendant." *Id.* Likewise, the United States has discretion to remove this case (and this motion) to the federal district court. *Id.*

The United States' denial of certification is subject to de novo review in this Court and on appeal. *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993). The party seeking review of the denial of certification, here Chief Ashby, bears the burden of presenting evidence and disproving the United States' decision by a preponderance of the evidence. *Id*. Here, Chief Ashby submits his Declaration with the job description, his curriculum vitae, and the Police Report as evidence in support of the certification. His counsel of record submits the federal 638 Contract.

**B. If this Court Certifies that Chief Ashby Was a Federal Employee, then the United States Will Substitute as a Defendant and Remove the Case to District Court.**

If "certification" is given in a civil action, the Federal Employees Liability Reform and Tort Compensation Act of 1988 (also called the "Westfall Act"), which amended the FTCA, requires substitution of the United States as a defendant, in lieu of the federal employee defendant, which leaves the plaintiff with a single avenue of recovery, the FTCA. *Id.* (citations

DEFENDANT MICHAEL ASHBY'S MOTION FOR CERTIFICATION OF EMPLOYMENT - 8

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

omitted).  The FTCA grants exclusive jurisdiction to district courts for a claim against the United States for torts committed by federal employees while acting within their scope of employment. 28 U.S.C. § 1346(b)(1); *Williams v. United States*, 350 U.S. 857, 76 S. Ct. 100, 100 L. Ed. 761 (1955); *see also Shirk v. United States*, 773 F.3d 999 (9th Cir. 2014) (stating that determining the existence of Federal Tort Claims Act jurisdiction requires two-step approach: courts must determine whether alleged activity is encompassed by the relevant federal contract or agreement and whether allegedly tortious action falls within scope of tortfeasor's employment under state law).

Accordingly, if this Court certifies that Chief Ashby was acting within the scope of his employment as a federal employee at the time of the incident, then the FTCA applies to Ms. Tageant's claims and United States will (1) substitute itself for Chief Ashby; and (2) remove this case to the federal district court.

**C. Chief Ashby Was a Federal Employee and thus Covered Under the FTCA at the Time of the Incident.**

Tribal law enforcement officers are considered employees of the federal government for purposes of the Federal Tort Claims Act (FTCA) when the tribal law enforcement functions—as here—are funded and performed pursuant to the 638 Contract.  The 638 Contract expressly *states*:

> **FTCA Coverage**: **For purposes of FTCA coverage, the Contractor [Nooksack Police Department] and its employees** (including individuals performing personal services contracts with the Contractor to provide health care services) **are deemed to be employees of the Federal government while performing work under this contract.**

638 Contract at 63 (emphasis added). The 638 Contract existed on January 5, 2018, the date of the incident. Accordingly, Chief Ashby should be deemed to be an employee of the federal

DEFENDANT MICHAEL ASHBY'S MOTION FOR CERTIFICATION OF EMPLOYMENT - 9

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

government and all common law tort claims alleged to have been based on his conduct must be brought against the United States pursuant to the FTCA. *See Big Crow v. Rattling Leaf*, 296 F. Supp.2d 1067 (SD 2004) (Attorney General refused certification; court found that tribal law enforcement officer was acting within the scope of his employment when working under a self-determination [638] contract per 28 U.S.C. § 2679(d)(3)).

The work that Defendant Ashby performed under the 638 Contract included enforcing the Nooksack Police Department's standard operating procedure for its tribal officers to provide "civil standby" services, building security checks, and building closures. Declaration of Chief Ashby ¶ 18.  On-duty Nooksack officers provide the requested assistance to close and secure a public office if they are available. *Id*. ¶ 19.  Over the course of his 14 years of employment with the Tribal Police Department, Chief Ashby has provided numerous services for both past and present Tribal Elections Boards. *Id*. ¶ 6.  For example, he has been called to serve as a witness, provide security for board members and candidates, provide security for the transportation of election material such as ballots, and to close and secure election board offices and/or polling places. *Id*.

**D. Chief Ashby Was Acting Within the Scope of His Employment at the Time of the Incident.**

State law governs the scope of employment inquiry under the Westfall Act. *Pauly v. U.S. Dep't of Agri*., 348 F.3d 1143, 1151 (9th Cir. 2003). Because the incident occurred in Deming, WA, Washington state law applies:

> Under Washington law, an employee acts within the scope of his employment, even if his acts are contrary to instruction or constitute intentional torts, when he is "*engaged in the performance of duties required of him by his contract of employment*" or when "he [is] engaged in the furtherance of the employer's interest."

DEFENDANT MICHAEL ASHBY'S MOTION FOR CERTIFICATION OF EMPLOYMENT - 10

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

*Pauly*, 348 P.3d at 1151 (quoting *Dickinson v. Edwards*, 105 Wn.2d 457, 716 P.2d 814 (1986) (emphasis added). Here, Chief Ashby was engaged in the performance of duties required of him by the Tribe's federal 638 Contract by only protecting Tribal property.

Significantly, Chief Ashby did <u>not</u> issue a citation to Ms. Tageant because he recognized that the Tribe did not have criminal jurisdiction over the Election Office.

## V.  CONCLUSION

Based on the foregoing preponderance of the evidence and well-established law, this Court should certify that Chief Ashby was a federal employee for purposes of the FTCA and was acting within the scope of his office or employment at the time of the incident.

DATED this 17th day of July, 2019.

                                                                                                                                                FLOYD, PFLUEGER & RINGER, P.S.

By: /s/ Thomas B. Nedderman
    Thomas B. Nedderman, WSBA No. 28955
    Tnedderman@floyd-ringer.com
    FLOYD, PFLUEGER & RINGER P.S.
    200 W. Thomas Street, Suite 500
    Seattle, WA 98119
    Tel (206) 441-4455
    Fax (206) 441-8484
    *Attorney for Defendant Ashby*

DEFENDANT MICHAEL ASHBY'S MOTION FOR CERTIFICATION OF EMPLOYMENT - 11

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

CERTIFICATE OF SERVICE

I declare under penalty of perjury and the laws of the State of Washington that on the below date, I delivered a true and correct copy of DEFENDANT'S MOTION FOR CERTIFICATION OF EMPLOYMENT via the method indicated below to the following parties:

| | | |
|---|---|---|
| Gabriel S. Galanda<br>Bree R. Black Horse<br>Galanda Broadman, PLLC<br>PO Box 15146<br>Seattle, WA 15146<br>gabe@galandabroadman.com<br>bree@galandabroadman.com | *Counsel for Plaintiff* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail<br>[X] Via CM/ECF |
| Michelle Lambert<br>Assistant US Attorney<br>1201 Pacific Avenue, Suite 700<br>Tacoma, WA 98406<br>(253) 428-3824  [P]<br>Michelle.Lambert@usdoj.gov | *Counsel for Defendant*<br>*United States* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail<br>[X] Via CM/ECF |
| Charles Hurt<br>Rickie W. Armstrong<br>Office of Tribal Attorney<br>PO Box 63<br>5047 Mt. Baker Hwy<br>Deming, WA 98244<br>churt@nooksack-nsn.gov<br>rarmstrong@nooksack-nsn.gov | *Co-Counsel for*<br>*Defendant Ashby* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail<br>[X] Via CM/ECF |

DATED this 17th day of July, 2019.

/s/ Monica R. Howard
Monica R. Howard, Legal Assistant

DEFENDANT MICHAEL ASHBY'S MOTION FOR CERTIFICATION OF EMPLOYMENT - 12

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. Thomas St., Suite 500
Seattle, WA 98119-4296
Tel 206 441-4455
Fax 206 441-8484