HON. JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARMEN TAGEANT,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ASHBY, in his personal capacity,<br><br>Defendant. | NO. 2:19-cv-01082-JLR<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MICHAEL ASHBY'S MOTION FOR CERTIFICATION OF EMPLOYMENT** |

## I. INTRODUCTION

The U.S. Department of the Interior ("DOI") correctly declined to certify Defendant Michael Ashby under 28 U.S.C. § 2679 as a federal employee for the purposes of Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, *et seq*. At the time Defendant Ashby battered and assaulted Ms. Tageant, he was not carrying out a federal contract or acting within the scope of employment as defined by a federal contract. Defendant Ashby therefore was not acting as a federal employee at the time of the alleged tortious conduct and is not entitled to coverage under the FTCA. Accordingly, the Court should deny Defendant Ashby's motion, which lacks the Department of Justice's March 14, 2019 denial letter that Plaintiff hereby provides this Court as Exhibit 2 to the Declaration of Gabriel S. Galanda ("Galanda Decl.").

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT MICHAEL ASHBY'S MOTION
FOR CERTIFICATION OF EMPLOYMENT - 1

**GALANDA BROADMAN, PLLC**
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509

## II. BACKGROUND

**A. DOI AND TRIBE ENTER AN ISDEAA CONTRACT FOR LAW ENFORCEMENT SERVICES.**

DOI and the Nooksack Indian Tribe ("Tribe") entered into an Annual Funding Agreement for Law Enforcement Services pursuant to the Indian Self-Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. § 450m, ("Contract") on November 29, 2017, for fiscal year 2018. Dkt. #8-1. The law enforcement services contemplated in the Contract "provide for the protection of lives and property for persons visiting or residing within the exterior boundaries of the Nooksack Indian Reservation." *Id.* at 12. The Contract authorizes only the enforcement of the "Nooksack Tribe Criminal Code" and "[a]pplicable Tribal Resolutions and Ordinances enacted by the Nooksack Tribal Council." *Id.* at 14 (emphasis omitted); *see also id.* at 12.

**B. DEFENDANT ASHBY BATTERS AND ASSAULTS MS. TAGEANT OFF-RESERVATION.**

On January 5, 2018, at 1:58 p.m., Ms. Tageant arrived at the Nooksack Election Board Office in Deming, Washington, to deliver her candidate application before the 2:00 p.m. filing deadline. Declaration of Carmen Tageant ("Tageant Decl.") ¶12 (Mar. 16, 2018). Ms. Tageant sought to run for reelection. *Id.* The Nooksack Tribal Elections Office is located at 4979 Mt. Baker Hwy., Deming, WA 98244. Galanda Decl., Ex. 1. "This property is located **outside** the reservation boundary" of the Nooksack Indian Reservation. *Id.* (emphasis in original). The Nooksack Tribe owns the land in fee status; it is not held in trust by the United States for the benefit of the Tribe. *See id*.

As Ms. Tageant approached the front door of the Elections Board Office, Defendant Ashby saw her, with application materials in hand, and locked the front door. Tageant Decl. ¶13.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MICHAEL ASHBY'S MOTION FOR CERTIFICATION OF EMPLOYMENT - 2

GALANDA BROADMAN, PLLC
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509

As it was not yet 2:00 p.m., Ms. Tageant knocked on the front door. *Id*. Defendant Ashby opened the front door in response, and allowed Ms. Tageant into the building. *Id.*

Upon entering, Ms. Tageant announced that she was there to turn in her candidate application. *Id*. ¶14. At the same moment when Election Superintendent Katrice Rodriguez announced to her, "you're too late," Defendant Ashby forcefully grabbed both of Ms. Tageant's arms just above her elbows and violently pushed her back. *Id*. Defendant Ashby battered Ms. Tageant without provocation. *Id.*

Ms. Tageant was stunned by Defendant Ashby's action, telling him, "what are you doing? Don't touch me." *Id.* ¶15.

Defendant Ashby again reached for Ms. Tageant, and out of fear, she stepped backward out of his reach and extended her arm to keep Defendant Ashby away from her. *Id*. ¶16. Again, Ms. Tageant told Defendant Ashby not to put his hands on her again. *Id*. Defendant Ashby assaulted Ms. Tageant without provocation.

Ms. Tageant feared what would happen if she stayed; so, she exited the building and walked back to the safety of her car. *Id.* ¶18. As she was walking to her car, she kept looking over her shoulder, afraid Defendant Ashby would follow her. *Id*. As soon as she got to her car, Ms. Tageant locked the doors. *Id*. ¶19.

As Ms. Tageant drove away from the Elections Board Office, Defendant Ashby came outside and made a point of making eye contact with and smirking at her in an intimidating manner. *Id*.

Critically, Defendant Ashby admits that he lacked the ability to enforce Nooksack criminal law at the Election Board Office because the Tribe lacks criminal jurisdiction over that off-reservation fee land. Dkt. #6 at 5, 11.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MICHAEL ASHBY'S MOTION FOR CERTIFICATION OF EMPLOYMENT - 3

**GALANDA BROADMAN, PLLC**
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509

Following the battery and assault, Ms. Tageant was unable to sleep for nearly two days. Tageant Decl. ¶21. She was consumed by anxiety fear after the incident; she was worried about her safety and the safety of her children. *Id.* ¶20. On January 9, 2018, Ms. Tageant sought treatment at the Nooksack Tribal Clinic for post-traumatic stress disorder, anxiety, depression, insomnia, and panic attacks. *Id.* ¶22. A doctor at the Clinic also recommended that Ms. Tageant receive treatment at the Nooksack Mental Health. *Id.* Based on the recommendation of a mental health provider, Ms. Tageant then went to Whatcom County Domestic Violence and Sexual Assault Services, and filed reports with Lummi Nation Victims of Crime, the United States Department of Interior's Office of Tribal Justice, the Bureau of Indian Affairs Puget Sound Agency Superintendent, and the Whatcom County Sheriff. *Id.*

On January 11, 2018—one day after filing this lawsuit in Whatcom County Superior Court—Nooksack Police Officers again drove into Ms. Tageant's neighborhood and stopped in front of her house. *Id.* ¶24. These officers were attempting to intimidate Ms. Tageant into dropping her lawsuit. *Id.* Ms. Tageant then took herself and her children to stay at a shelter that night because she no longer felt safe in her own home. *Id.* ¶25. They stayed there for three nights. *Id.* When Ms. Tageant returned to her home, she found that someone had broken in. *Id.* ¶27. The Nooksack Tribal Police continued to drive through Ms. Tageant's neighborhood and park outside her home. *Id.* ¶¶29, 36. Ms. Tageant continued to suffer from PTSD and other medical conditions, and she continued receive mental health treatment as a result of the battery and assault perpetrated by Defendant Ashby. *Id.* ¶¶ 27, 30-35.

The incident on January 5, 2018, was not the first or last time Defendant Ashby would take actions to intimidate and scare Ms. Tageant. On April 11, 2017, Defendant Ashby began shooting guns as "target practice" immediately behind her home while her children were playing

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MICHAEL ASHBY'S MOTION FOR CERTIFICATION OF EMPLOYMENT - 4

GALANDA BROADMAN, PLLC
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509

outside. Declaration of Carmen Tageant ¶9 (Mar. 16, 2018). During this "target practice," Defendant Ashby was standing on a hill, from which he could see directly into Ms. Tageant's yard. *Id.* During this same period of time, Nooksack Tribal Police cars would park outside Ms. Tageant's home for hours. *Id.* ¶10.

More recently, on June 5, 2019—after Defendant Ashby discovered that DOI had refused to certify him as a federal employee but before he filed the current motion—Ms. Tageant was driving home with my children in the car and noticed that Defendant Ashby was following her. Second Declaration of Carmen Tageant ¶2, Ex. 2. He continued to follow Ms. Tageant and her family in his car for the next seven miles. *Id.* Ms. Tageant and her children were scared the entire drive. *Id.*

C.   **DOI Declines To Certify Defendant Ashby As A Federal Employee.**

Following Defendant Ashby's request for certification of federal employment on March 6, 2018, and a related Superior Court stay of that same month, the Department of Justice conducted a scoping determination pursuant to 28 U.S.C. 2679. Galanda Decl., Ex. 2 at 3; Dkt. #2-1 at 118-119. On March 14, 2019, the United States Department of the Interior notified the Tribe and Defendant Ashby that "the United States Attorney's Office for the Western District of Washington has declined to certify that Chief of Police Ashby was acting pursuant to his federal employment through the [ISDEAA] contract for law enforcement services." *Id.* Defendant Ashby then concealed the DOI's denial of his request for certification from Plaintiff and the Superior Court for four months. *Compare id. with* Dkt. #2-1 at 102.[1]

---

[1] Plaintiff did not oppose Defendant Ashby's request for a stay of the state court proceedings in March of 2018 "while the U.S. government decide[d] whether it will accept defense of Plaintiff Carmen Tageant's claims against him pursuant to the Federal Tort Clams Act (FTCA)." Dkt. #2-1 at 102, 363-70. Plaintiff did request a limited and qualified protective order from the state court to prevent Defendant Ashby from harassing or stalking her by car as

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT MICHAEL ASHBY'S MOTION
FOR CERTIFICATION OF EMPLOYMENT - 5

**GALANDA BROADMAN, PLLC**
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509

On June 27, 2019, Defendant Ashby filed his Motion in Superior Court, in violation of the stay he obtained from that court. *See id.* at 118-19 ("This matter shall be stayed pending further stipulation of the parties and/or order of the Court."). The United States then removed the action to the U.S. District Court for the Western District of Washington. Dkt. #1.

### III. LAW AND ARGUMENT

A party seeking review of a denial of certification may petition the Court to find that he was acting within the scope of his office or employment. 28 U.S.C. § 2679(d)(3). "The party seeking review of the denial of certification bears the burden of presenting evidence and disproving the decision by a preponderance of the evidence." *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993); *see also Richman v. Straley*, 48 F.3d 1139, 1145 (9th Cir. 1995).

Courts employ a two-part test to determine "whether the actions or omissions of a tribal employee are covered under the [Federal Tort Claims Act]" pursuant to a self-determination contract. *Farmer v. United States*, No. 13-cv-251-LRS, 2014 WL 5419637, at *2 (E.D. Wash. Oct. 22, 2014). A tribal law enforcement officer is only entitled to coverage under the FTCA if the relevant ISDEAA contract encompasses the alleged tortious conduct and the alleged tortious conduct falls within the scope of the tribal employee's employment. *Shirk v. U.S. ex rel. Dep't of Interior*, 773 F.3d 999, 1006 (9th Cir. 2014). Here, Defendant Ashby was neither acting as a federal employee nor acting within the scope of employment as defined by the Contract at the time he assaulted and battered Ms. Tageant.

**A. DEFENDANT ASHBY WAS NOT ACTING AS A FEDERAL EMPLOYEE WHEN HE BATTERED AND ASSAULTED MS. TAGEANT.**

---

he did on June 5, 2019 while concealing the FTCA certification denial, but she was unsuccessful due to technical infirmities in her request. Dkt. #2-1 at 370.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT MICHAEL ASHBY'S MOTION
FOR CERTIFICATION OF EMPLOYMENT - 6

**GALANDA BROADMAN, PLLC**
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509

Defendant Ashby argues that he is entitled to certification merely because the Contract existed at the time of the incident and he generally performed law enforcement services under that Contract. Dkt. #8-1 at 9-10. Critically, Defendant Ashby fails entirely to apply the correct analysis to this first prong of the analysis, which requires that the tribal law enforcement officer be "carrying out" the Contract—not just performing general law enforcement services. *Shirk*, 999 F.3d at 1005. When the relevant portions of the Contract are applied to Defendant Ashby's tortious conduct, it is clear that he was not "carrying out" activities authorized by the Contract when he battered and assaulted Ms. Tageant on off-reservation fee land.

When determining whether to certify a tribal employee as a federal employee for FTCA purposes, "[t]he first inquiry is whether the tribal employee is a federal employee." *Id.* The analysis "focuses primarily on the scope of the [self-determination] contract and whether the contract authorized the acts or omissions forming the basis of the underlying claim." *Id.* (citing *Allender v. Scott*, 379 F. Supp. 2d 1206, 1211 (D.N.M. 2005)). In other words, the inquiry is whether the tribal employee is carrying out a self-determination contract. *See Manuel v. United States*, No. 1:14-cv-665-LJO-BAM, 2014 WL 6389572, at *8, 10-11 (E.D. Cal. Nov. 14, 2014). Courts routinely examine the ISDEAA contract's "scope of work" and "performance of functions" sections when determining whether a tribal employee was "carrying out" an ISDEAA contract and thus a federal employee. *See Colbert v. United States*, 785 F.3d 1384, 1393-94 (11th Cir. 2015); *see also Adams v. Tunmore*, No. CV-05-270-FVS, 2006 WL 2591272, at *3 (E.D. Wash. Sept. 8, 2006). "[W]hether a particular Defendant is a federal employee is based on federal law." *Allender*, 379 F. Supp. 2d at 1211.

In this case, the "scope of work" section of the Contract limits the provision of ISDEAA law enforcement services to land located "within the exterior boundaries of the Nooksack Indian

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT MICHAEL ASHBY'S MOTION
FOR CERTIFICATION OF EMPLOYMENT - 7

GALANDA BROADMAN, PLLC
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509

Reservation" and the enforcement of the "Nooksack Tribe Criminal Code." Dkt. #8-1 at 12, 14 (emphasis omitted). Defendant Ashby battered and assaulted Ms. Tageant on fee land located outside of the exterior boundaries of the Nooksack Indian Reservation, and he admits that he was not enforcing Nooksack criminal law. Galanda Decl., Ex. 1; Tageant Decl., ¶2; Motion at 11; *see also State v. Cooper*, 130 Wn.2d 770, 928 P.2d 406 (1996); *State v. Eriksen*, 172 Wn.2d 506, 509, 25 P.3d 1079 (2011). Because Defendant Ashby was not providing law enforcement services "within the exterior boundaries of the Nooksack Indian Reservation" or enforcing Nooksack criminal law as set forth in the Contract, he was not "carrying out" the Contract. *See Shirk*, 773 F.3d at 1005 (citing 25 U.S.C. § 450f (note)). Defendant Ashby therefore was not a federal employee for the purposes of FTCA coverage. The Court should therefore deny his request for certification of employment pursuant to 28 U.S.C. § 2679.

**B.    DEFENDANT ASHBY WAS NOT ACTING WITHIN THE SCOPE OF HIS FEDERAL EMPLOYMENT WHEN HE BATTERED AND ASSAULTED MS. TAGEANT.**

If the "Court concludes that the claim at issue resulted from the performance of functions under the ISDEAA contract and that the tribal employee should be deemed a federal employee," the second part of the test "examines whether the tribal employee was acting within the scope of his employment." *Farmer*, No. CV-13-0251-LRS, 2014 WL 5419637, at *2 (citing *Allender*, 379 F. Supp. 2d at 1211, 1218). Although the Court need not reach the second step of the analysis because Defendant Ashby's conduct did not arise from the performance of functions under the Contract and thus he was not a federal employee, Defendant Ashby nonetheless did not act within the scope of the employment as defined by the Contract.

Without citation to the Contract, Defendant Ashby merely argues that he was acting within his scope of employment because he was "protecting tribal property." Dkt. #6 at 10-11.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT MICHAEL ASHBY'S MOTION
FOR CERTIFICATION OF EMPLOYMENT - 8

GALANDA BROADMAN, PLLC
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509

Defendant Ashby also acknowledges that the Tribe lacked criminal jurisdiction over the land upon which he battered and assaulted Ms. Tageant. *Id.* at 11. Defendant Ashby repeatedly states that he acts pursuant to the applicable Nooksack job description and standard Nooksack operating procedures, but again, the "scope of work" portion of the Contract does not incorporate these tribal documents. *Compare id.* at 4-5, Dkt. #7-1 *with* Dkt. #8-1 at 12-13. Defendant Ashby fails, however, to note that the Contract defines his official responsibilities for FTCA purposes, which does not include provision of law enforcement services outside the exterior boundaries of the Nooksack Indian Reservation. Dkt. #8-1 at 12. This fact is again dispositive.

The Ninth Circuit recently explained the relationship between the employment as defined by the ISDEAA contract and scope of that employment in *Shirk v. United States ex rel. Department of Interior*, 773 F.3d 999 (9th Cir. 2014):

> An employee's conduct is covered by the FTCA if, while executing his contractual obligations under the relevant federal contract, his allegedly tortious conduct falls within the scope of employment as defined by state law. Thus, the federal contract 'defines the nature and contours of [an employee's] official responsibilities; but the law of the state in which the tortious act allegedly occurred determines whether the employee was acting within the scope of those responsibilities.

*Id.* at 1005 (citing *Lyons v. Brown*, 158 F.3d 605, 609 (1st Cir. 1998)). Put another way, the Court must first identify "the relevant 'employment' at issue, and because [the FTCA] only covers employment under the federal contracts, such contracts define the 'employment' for the purposes of the 'scope of employment' analysis." *Id.* at 1006; *see also Buxton v. United States*, 2011 WL 4528329 (D.S.D. Sept. 28, 2011) ("The FTCA is 'strictly limited to a scope of employment analysis, regardless of state law doctrines of respondent superior and apparent authority.'") (citing *St. John v. United States*, 240 F.3d 671, 676 (8th Cir. 2001)).

DEFENDANT MICHAEL ASHBY'S MOTION
FOR CERTIFICATION OF EMPLOYMENT - 9

GALANDA BROADMAN, PLLC
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509

Here, the relevant federal employment at issue is the provision of law enforcement services "within the exterior boundaries of the Nooksack Indian Reservation" as defined by the Contract. Dkt. #8-1 at 12; *Shirk*, 773 F.3d at 1006 (the FTCA "only covers employment under the federal contracts, such contracts define the 'employment' for purposes of the 'scope of employment' analysis."). Defendant Ashby's conduct admittedly occurred outside of the exterior boundaries of the Nooksack Indian Reservation—not within those boundaries as authorized by the Contract. *See* Dkt. #6 at 11. Further, the Contract only covers Defendant Ashby's conduct outside the exterior boundaries of the Nooksack Indian Reservation when traveling to testify in court, transport prisoners, service facilities, attend meetings, or conduct interviews associated with offenses in Indian country. Dkt. #8-1 at 13. At the time of the incident, Defendant Ashby was not doing any of those activities. *See* Dkt. #6 at 10-11. And as Defendant Ashby admits, he was not enforcing Nooksack criminal law at the time he battered and assaulted Ms. Tageant. *Id*. at 12, 14. Thus, Defendant Ashby was not acting within the scope of employment as defined by the Contract when he assaulted and battered Ms. Tageant.

A proposed Order accompanies this Response.

DATED this 23rd day of July 2019.

GALANDA BROADMAN, PLLC

*/s/ Bree Black Horse*

Gabriel S. Galanda, WSBA #30331
Bree R. Black Horse, WSBA #47803
P.O. Box 15146, Seattle, WA 98115
(206) 557-7509 Fax: (206) 299-7690
Email: gabe@galandabroadman.com
Email: bree@galandabroadman.com

Attorneys for Plaintiff Carmen Tageant

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MICHAEL ASHBY'S MOTION FOR CERTIFICATION OF EMPLOYMENT - 10

**GALANDA BROADMAN, PLLC**
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509

**CERTIFICATE OF SERVICE**

I, Wendy Foster, declare as follows:

1. I am now and at all times herein mentioned a legal and permanent resident of the United States and the State of Washington, over the age of eighteen years, not a party to the above-entitled action, and competent to testify as a witness.

2. I am employed with the law firm of Galanda Broadman PLLC, 8606 35th Ave. NE, Suite L1, Seattle, WA 98115.

3. On July 23, 2019, I served the foregoing documents via CM/ECF on the following:

Charles Hurt, WSBA #46217
Rickie W. Armstrong, WSBA #34099
Office of Tribal Attorney
P.O. Box 63
5047 Mt. Baker Hwy
Deming, WA 98244

Thomas B. Nedderman
200 W. Thomas St., Ste. 500
Seattle, WA 98119
F: (206) 441-8484
tnedderman@floyd-ringer.com

Attorneys for Defendant Ashby

Michelle Lambert
Assistant United States Attorney
Western District of Washington
1201 Pacific Avenue, Suite 700
Tacoma, WA 98402
MLambert@usa.doj.gov

Counsel for the United States

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT MICHAEL ASHBY'S MOTION
FOR CERTIFICATION OF EMPLOYMENT - 11

**GALANDA BROADMAN, PLLC**
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509

The foregoing statement is made under penalty of perjury and under the laws of the State of Washington and is true and correct.

Signed at Seattle, Washington, this 23rd day of July, 2019.

*Wendy Foster*

_____
Wendy Foster

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT MICHAEL ASHBY'S MOTION
FOR CERTIFICATION OF EMPLOYMENT - 12

**GALANDA BROADMAN, PLLC**
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509