The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARMEN TAGEANT,<br><br>      Plaintiff,<br><br>  v.<br><br>MICHAEL ASHBY, in his personal capacity,<br><br>      Defendant. | CASE NO. 2:19-cv-1082-JLR<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR CERTIFICATION OF FEDERAL EMPLOYMENT<br><br>Noted for: August 9, 2019 |

## I. INTRODUCTION

The United States, through its attorneys, Brian T. Moran, United States Attorney, and Michelle R. Lambert, Assistant United States Attorney, for the Western District of Washington, hereby opposes Defendant Michael Ashby's Motion for Certification of Employment. Dkt. No. 6. Defendant asks this Court to review the United States' denial of certification of scope of employment pursuant to 28 U.S.C. § 2679(d)(3) and "certify that he was acting within the scope of his office or employment as a federal employee at the time of the incident." *Id.*, at 2. The Court should deny Defendant's request.

Opposition to Motion for Certification of Federal Employment
C19-01082-JLR - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The United States properly declined certification of Defendant because the facts of the incident do not meet the Ninth Circuit's two-step test for determining whether a tribal employee can be deemed a federal Bureau of Indian Affairs ("BIA") employee for the purposes of the Federal Tort Claims Act ("FTCA"). *See Shirk v. ex rel. Dep't of Interior*, 773 F.3d 999, 1006 (9th Cir. 2014). The first step of the test is to demonstrate that the language of the federal contract "encompasses the activity that the plaintiff ascribes to the employee." *Id.*, at 1007. The second step of the test answers whether the employee's activity "falls within the scope of employment." *Id.* Both steps must be met for certification. Here, Defendant cannot show that his actions were carrying out the contract or agreement between the United States and the Nooksack Tribe because the incident occurred outside of the exterior boundaries of the Nooksack Tribal Reservation. Accordingly, Defendant's motion should be denied.

## II. RELEVANT FACTS

### A. January 5, 2018

On January 5, 2018, Defendant held the title of Interim Chief of the Nooksack Tribal Police Department. Dkt. No. 7, ¶ 1. At approximately 2:00pm on January 5, 2018, Chief Ashby was present at the Nooksack Tribe's Election Board Office to assist in its closing. *Id.*, ¶ 9. The Nooksack Tribe's Election Board Office sits on land the Nooksack Tribe (the "Tribe") holds the title in fee, and that is not located within the Tribe's Reservation boundaries or within Indian country. Dkt. No. 13, Lambert Decl., Ex. A, Statutory Warranty Deed; Galanda Decl., Ex. 1; Dkt. 6, Mot., at 5 (acknowledging that the Election Board Office is located on fee land owned by the Tribe). The Nooksack

Opposition to Motion for Certification of Federal Employment
C19-01082-JLR - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Indian Tribe purchased the land from the Nooksack Business Corporation. Lambert Decl., Ex. A.

Plaintiff alleges that she arrived at the Election Board Office at approximately 1:58 pm to deliver her candidate application prior to the 2:00 pm deadline. Compl., ¶ 11. Plaintiff further alleges that Defendant had already locked the door, but let her inside. *Id.*, ¶ 12. However, she alleges that he physically pushed her and caused her fear so she left the building. *Id.*, ¶¶ 13-16. Plaintiff claims assault, battery, and infliction of emotional distress. *Id.*, ¶¶ 23-36. Defendant denies the allegations. Dkt. 6, Mot., at 5-6.

**B. The Tribe's 638 Contract**

The Indian Self Determination and Education Assistance Act of 1975 ("ISDEAA") "created a system by which tribes could take over the administration of programs operated by the BIA." *Los Coyotes Band of Cahuilla & Cupeno Indians v. Jewell*, 729 F.3d 1025, 1033 (9th Cir. 2013). Tribes submit contract proposals for a particular service they receive from the BIA to take over the program and receive the money that the BIA would have otherwise spent on the program. *Id.* "These contracts are known as 638 contracts, after the Public Law that created them." *Id.* (citing Pub. L. No. 93-638, 88 Stat. 2203 (1975)).

The Tribe entered into a Self-Determination Contract for Law & Justice (Contract No. CTP10T11121) with the United States pursuant to the ISDEAA. *See* Dkt. No. 8-1, the Tribe's 638 Contract's Annual Funding Agreement ("AFA"). The Tribe's 638 Contract period of performance extends through December 31, 2020. *Id.*, at 69. The purpose of the 638 Contract

Opposition to Motion for Certification of Federal Employment
C19-01082-JLR - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

is to ensure that professional, effective and efficient Law Enforcement Services (includes Uniform Police; Criminal Investigations and Law Enforcement Radio communications and Dispatch) are provided for the Nooksack Indian Tribe utilizing accepted law enforcement techniques and practices. ***These services shall provide for the protection of lives and property for persons visiting or residing within the exterior boundaries of the Nooksack Indian Reservation.***

*Id.*, at 13, "Section 2. Statement of Work" (emphasis added).

Under the 638 Contract's AFA, the Nooksack Tribal Police "shall carry out patrol duties and ensure protection of life, property, and crime prevention." *Id.*, at 19. Although the 638 Contract applies to services provided within the exterior boundaries of the reservation, the AFA lists situations when operating outside Indian country may be required, but cautions, "[s]uch requirements may include, but are not limited to" the following:

(1) traveling from one portion of the affected Indian country to another portion of the same Indian country while in the performance of functions authorized by this contract;
(2) traveling to and from, and testifying in tribal, state, or federal court,
(3) transporting offenders to and from detention facilities,
(4) traveling to and from Indian country to service facilities located outside of Indian country,
(5) traveling to and from, and attending meetings, conferences and training sessions,
(6) interviewing victims, witnesses, and suspects involved, or alleged to be involved, in offenses committed in Indian country.

*Id.*, at 14. While this list is not exhaustive, it mostly comprises examples of situations when an officer is required to travel outside of Indian country to continue law enforcement activities that commenced or will be finalized inside of Indian country.

As both terms are utilized, it should be noted that the terms "Indian country" and "reservation" are not interchangeable. "Indian country," as used for criminal and civil jurisdiction purposes, is defined as "(a) all land within the limits of any Indian

Opposition to Motion for Certification of Federal Employment
C19-01082-JLR - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

reservation . . . (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same." 18 U.S.C. § 1151. Accordingly, Indian country may include a specific, but greater area than a reservation.

In 1990, Congress extended the FTCA's waiver of sovereign immunity to certain tort claims arising from the performance of 638 contracts. *See* Pub. L. 93-638, Jan. 4, 1975, 88 Stat. 2203, codified at 25 U.S.C. § 5301 *et seq.*; Pub. L. 101-512, Title III, § 314, 104 Stat. 1915, 1959-60 (1990), codified at 25 US.C. § 5321, note 4 (known as § 314). Section 314 specifies that tribal employees may be deemed federal employees while acting within the scope of their employment in carrying out a 638 contract or agreement authorized by the ISDEAA.

Plaintiff filed a complaint in Whatcom County Superior Court on January 18, 2018. Plaintiff alleges that she suffered personal injuries in an unspecified amount as a result of Defendant's alleged actions. By letter dated March 6, 2018, Defendant, through Tribal counsel, sought representation by the Department of Justice pursuant to 28 C.F.R. Part 15. Lambert Decl., Ex. B. By letter dated, March 14, 2019, the Department of the Interior ("DOI") informed Defendant that the United States Attorney's Office declined to certify that he was acting pursuant to his federal employment through the 638 Contract for law enforcement services. *See* Dkt. No. 11, Galanda Decl, Ex. 2.

Opposition to Motion for Certification of Federal Employment
C19-01082-JLR - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2679(d)(3), district courts have jurisdiction to review the United States' denial of certification. The denial is subject to *de novo* review. *Green v. Hall*, 8 F.3d, 695, 698 (9th Cir. 1993). The party seeking review has the burden of proving by a preponderance of the evidence that certification should have been granted. *Kashin v. Kent*, 457 F.3d 1033, 1036 (9th Cir. 2006). That party must identify which contractual provisions the alleged tortfeasor was carrying out at the time of the alleged tort. *In re Dynamic Random Access Memory Antitrust Litigation*, 546 F.3d 981, 984 (9th Cir. 2008).

Defendant identifies various provisions of the 638 Contract. First, he identifies the general provision that the Police Department "[s]hall carry out patrol duties and ensure protection of life, property, and crime prevention." Mot., at 3. He next cites to the "FTCA Coverage" provision in the contract. *Id.* (providing that contractors "are deemed to be employees of the Federal government while performing work under this contract"). Defendant claims that he "understands the jurisdictional limitations/restrictions placed upon both state and tribal law enforcement agencies operating in and near . . . the land of the Nooksack Indian Tribe." Mot., at 4. Defendant provides no further illustrative definition of his jurisdictional limitations pursuant to his employment contract.

Opposition to Motion for Certification of Federal Employment
C19-01082-JLR - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. ARGUMENT

The Tribe's 638 Contract does not encompass the location of the January 5, 2018 incident. The parties do not dispute that the Election Board Office is located outside the exterior boundaries of the Reservation. Dkt. No. 13, Lambert Decl., Ex. A, Statutory Warranty Deed; Galanda Decl., Ex. 1; Dkt. 6, Mot., at 5 (acknowledging that the Election Board Office is located on fee land owned by the Tribe). The written purpose of the 638 Contract is to provide law enforcement services within the exterior boundaries of the Reservation. *Id.*, at 13, "Section 2. Statement of Work." Thus, the United States appropriately declined to certify Defendant as a federal employee for the purposes of the incident.

The Ninth Circuit has established a two-part test to determine whether a tribal employee is deemed a federal employee for purposes of the FTCA. *Shirk v. United States*¸ 773 F.3d 999, 1003 (9th Cir. 2014). Pursuant to *Shirk*, a court must determine: (1) if the alleged tortious activity is encompassed by the relevant 638 contract; and (2) whether alleged actions fall within the scope of the tortfeasor's employment under state law. *Id.* at 1006. The employee's actions must satisfy both of these prongs to fall under the FTCA. *Id.* If both prongs are met, the tribal employee's actions are covered by the FTCA pursuant to § 314 and the United States' sovereign immunity is waived. However, if a court determines that the relevant 638 contract does not encompass the alleged tortious activity, there is no subject matter jurisdiction to bring in the United States. *Id.* at 1006-1007.

Opposition to Motion for Certification of Federal Employment
C19-01082-JLR - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant's actions cannot satisfy both prongs of the *Shirk* test. Accordingly, his motion should be denied.

**A.  The 638 Contract Does Not Encompass the Alleged Activity Because the Location of the Election Board Office Is Outside of the Exterior Boundaries of the Reservation.**

In the first part of the *Shirk* test, the threshold question and limiting principle is whether an alleged tortfeasor was performing identifiable 638 contract requirements at the time of the incident. "The federal contract defines the nature and contours of an employee's official responsibilities." *Shirk*, 773 F.3d at 1005-06. This prong cannot be met because the incident at issue occurred at the Election Board Office, which is located outside of Indian country. Apart from unrelated exceptions, the 638 Contract does not cover the enforcement of tribal law outside of Indian country.

Defendant's motion characterizes his actions as "protecting property by the Tribe." Mot., at 5. This description misses the mark on the significant issue of location of the property. Defendant does not explain that the property is outside of the Reservation and outside of Indian country. This information is significant as it changes the entire *Shirk* analysis.

The Tribe owns the land in fee where the Election Board Office is located. The Ninth Circuit has held that "Indian country" does not include off-Reservation land that a Tribe owns in fee – like the Election Board Office. *Blunk v. Arizona Dep't of Transp.*, 177 F. 3d 879, 880 (9th Cir. 1999) (finding that a billboard on property owned in fee is not within Indian country). The Ninth Circuit stressed that land purchased in fee "does not become Indian country simply because of its tribal ownership or because of its

Opposition to Motion for Certification of Federal Employment
C19-01082-JLR - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

proximity or importance to the [reservation]." *Id.*, at 884. Furthermore, the strip mall in which the Election Board Office is located cannot be considered an allotment or a dependent Indian community, as the Federal Government did not set aside the land for use of the Tribe. *See id.*, at 883. Thus, the Election Board Office is outside of Indian country.

As described above, the 638 Contract provides exceptions when tribal officers may travel outside of Indian country. *See* Dkt. No. 8-1, at 14. However, none of the exceptions provided in the 638 Contract encompass this type of situation – the enforcement of tribal law entirely outside of Indian country without either the starting or ending point's location inside of Indian country.[1] Although the 638 Contract includes the phrase "may include, but not limited to," the phrase cannot extend the exceptions to any law enforcement service provided off the Reservation or outside of Indian country. Otherwise, the exceptions to the rule would nullify the main purpose of the contract to "provide for the protection of lives and property for persons visiting or residing *within the exterior boundaries of the Nooksack Indian Reservation*." *Id.*, at 13 (emphasis added). There would have been no point in providing any geographical boundary within the 638 Contract.

Furthermore, any tribal law enforcement at the Election Board Office is not under the Tribe's civil or criminal jurisdiction under 18 U.S.C. § 1151, but rather the State of Washington's jurisdiction. Tribal laws apply within Indian country providing tribal law

---

[1] The protection of Tribal property, Mot., at 11, is also unlike any of the exceptions provided in the 638 contract as a reason to leave Indian country for law enforcement purposes.

Opposition to Motion for Certification of Federal Employment
C19-01082-JLR - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

enforcement officers only with authority to enforce tribal laws within Indian country. This principle of territorial jurisdiction is recognized in Washington State. *State v. Eriksen*, 172 Wash. 2d 506, 509 (2011).

Additionally, Congress authorized the BIA to enforce Federal and tribal law in Indian country pursuant to the Indian Law Enforcement Act ("ILERA"). 25 U.S.C. § 2801(4). As a result, the BIA can only transfer enforcement authority to the Tribe for Federal and tribal law in Indian country. The BIA cannot provide the Tribe with authority it does not possess. As a result, Defendant did not have jurisdiction to enforce tribal law at the Election Office.

Accordingly, the first prong of the *Shirk* test cannot be met.

**B. Even Though Defendant May Have Been Acting Within the Scope of His Employment, He Cannot Show that He Was Acting Pursuant To the 638 Contract.**

The majority of Defendant's motion for certification explains his duties as a Nooksack Tribal Officer. This misses the point of the *Shirk* test in that it does not explain how Defendant was acting pursuant to the 638 Contract.[2]

The second part of the *Shirk* test analyzes whether the tribal employee was acting within the scope of his employment. *Shirk*, 773 F.3d at 1006. State law determines the scope of employment. *Green*, 8 F.3d at 698. Washington's test for determining when an employee is "acting within the scope of his employment" is as follows:

---

[2] The same issue is present with the FTCA Coverage provision Defendant cites from the 638 Contract. Mot., at 9. The provision requires that the employee be "performing work under this contract." *Id.* The analysis of the first prong of the *Shirk* test is the same that is necessary to analyze that provision.

Opposition to Motion for Certification of Federal Employment
C19-01082-JLR - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

> whether the employee was, at the time, engaged in the performance of the duties [1] required of him by his contract of employment, or [2] by specific direction of his employer; or, as sometimes stated, [3] whether he was engaged at the time in the furtherance of the employer's interest.

*Rahman v. State,* 170 Wash.2d 810, 816 (Wash. 2011) (superseded by statute on other grounds). In applying this test, the court focuses on whether the employee's actions create a "benefit to the employer." *Dickinson v. Edwards,* 105 Wash.2d 457, 467 (Wash. 1986). "The proper inquiry is whether the employee was fulfilling his or her job functions at the time he or she engaged in the injurious conduct." *Robel,* 148 Wash.2d 35, 53 (Wash. 2002). The doctrine rests upon the relationship between an employer and employee, which is characterized by a right of control. *Rahman*, 170 Wash.2d at 818.

An employee may be acting within the scope of employment even when engaged in conduct that violates employer rules or standards. *Id.* at 470 ("'[A]n act, although forbidden, or done in a forbidden manner, may be within the scope of employment.'" (quoting Restatement (Second) of Agency § 230 (1958))); *Smith v. Leber,* 34 Wash.2d 611, 623–24 (Wash. 1949). On the other hand, an employer is not liable "if the servant steps aside from the master's business in order to effect some purpose of his own" because at that point the employee stops providing a benefit to the employer. *Bratton v. Calkins*, 73 Wash. App. 493, 970 P.2d 981 (Wash. Ct. App. 1994).

In *Shirk*, the Ninth Circuit provided an example of a mechanic employed by a tribe to help explain the relationship between the requirements that (1) the employee carry out the contract and (2) work within the scope of his or her employment. *Shirk*, 773 F.3d, at 1006. The example distinguished between the mechanic maintaining a fleet of vehicles

Opposition to Motion for Certification of Federal Employment
C19-01082-JLR - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

used exclusively for carrying out the tribe's ISDEAA contractual obligations, and a second fleet for non-contractual obligations. Working on both fleets fell within the mechanic's scope of employment, but only working on the first fleet carried out the ISDEAA contract and met the first prong of the *Shirk* test. *See id.* Thus, both prongs would have been met for the first fleet, but not for the second fleet.

Likewise, Defendant explains how his presence at the Election Board Office fell within his scope of employment. Mot., at 3 (protection of property); 4 (responds to calls for police assistance); 5 (closes and secures election board offices). However, Defendant fails to explain how these duties carry out the Tribe's 638 Contract when the property is located off the Reservation. Defendant may have been fulfilling his job functions in furtherance of his employer's interest at the time of the incident. Nevertheless, "[§] 314's limitation extends further: employees must be carrying out the contract or agreement." *Shirk*, 773 F.3d at 1005. With the facts alleged by either party, Defendant could not have been carrying out the Tribe's 638 Contract due to the location of the incident.

Due to the location of the Election Board Office, Defendant cannot fulfill the *Shirk* test. Accordingly, Defendant should not be certified for federal employment for the January 5, 2018 incident. Defendant's motion should be dismissed.

//

//

//

Opposition to Motion for Certification of Federal Employment
C19-01082-JLR - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CONCLUSION**

Based on all of the foregoing reasons, the United States respectfully submits that Plaintiff's motion for certification of federal employment should be dismissed.

DATED this 5th day of August, 2019.

                                              Respectfully submitted,

                                              MICHELLE R. LAMBERT
                                              United States Attorney

                                              s/ Michelle R. Lambert
                                              MICHELLE R. LAMBERT, NYS #4666657
                                              Assistant United States Attorney
                                              United States Attorney's Office
                                              1201 Pacific Ave, Suite 700
                                              Tacoma, Washington  98402
                                              Phone:  253-428-3824
                                              Email:  michelle.lambert@usdoj.gov

Opposition to Motion for Certification of Federal Employment
C19-01082-JLR - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee/contractor in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that, on this date, he/she electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

| | |
|---|---|
| Gabriel S. Galanda<br>Bree R. Black Horse<br>P.O. Box 15146<br>Seattle, WA 98115<br>(206) 557-7509<br>E: gabe@galandabroadman.com<br>E: bree@galandabroadman.com | Charles Hurt<br>Rickie Armstrong<br>Office of Tribal Attorney<br>P.O. Box 63<br>Deming, WA 98244<br>(360) 592-2125<br>E: rarmstrong@nooksack-nsn.gov |
| Thomas B. Nedderman<br>Floyd, Pflueger & Ringer, P.S.<br>200 W. Thomas St., Ste. 500<br>Seattle, WA 98119<br>(206) 441-4455<br>E: tnedderman@floyd-ringer.com | |

I further certify that on this date, I mailed by United States Postal Service the foregoing to the following non-CM/ECF participant(s)/CM/ECF participant(s), addressed as follows:

-0-

Dated this 5th day of August, 2019

*/s/ Rebecca L. Clauson*
REBECCA L. CLAUSON, Legal Assistant
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Phone: (253) 428-3800
E-mail: rebecca.clauson@usdoj.gov

Opposition to Motion for Certification of Federal Employment
C19-01082-JLR - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970