HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARMEN TAGEANT,<br><br>   Plaintiff,<br><br> vs.<br><br>MICHAEL ASHBY, in his personal capacity,<br><br>   Defendant. | CASE NO. 2:19-cv-01082-JLR<br><br>DEFENDANT MICHAEL ASHBY'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF EMPLOYMENT<br><br>NOTED ON MOTION CALENDAR:<br>Friday, August 9, 2019 |

  Congress instructs that 638 Contracts must be liberally construed. Applying this liberal standard, key contractual provisions establish that: (1) Tribal Police Chief Michael Ashby was operating within the contractual scope of police duties and responsibilities—including following the Nooksack Police Department's standard operating procedure to provide building security checks and closures—when the alleged tortious activity occurred; and (2) the scope contemplates that, as here, a Tribal officer "may be required to leave or operate outside of Indian country." Because the preponderance of evidence establishes that both prongs of the *Shirk* test are satisfied the Court should certify that Chief Ashby was acting within the scope of

DEFENDANT MICHAEL ASHBY'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF EMPLOYMENT - 1

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

his employment under the 638 Contract, and thus was an employee of the Federal government who must be covered by the Federal Tort Claims Act.[1]

## I. LEGAL ARGUMENT

**A. Contracts Arising from the Indian Self-Determination and Education Assistance Act Must Be Liberally Construed.**

Congress has declared that "each provision of the [Indian Self-Determination and Education Assistance] Act and *each provision of contracts entered into thereunder shall be liberally construed for the benefit of the tribes* or tribal organizations to transfer the funding and related functions, services, activities, and programs" from the Federal government to the contractor. 25 C.F.R. Part 900.03(a)(5) (emphasis added).

Likewise, it is "the policy of the [Bureau of Indian Affairs, Department of the Interior] Secretary to *facilitate the efforts of Indian tribes* and tribal organizations to plan, conduct and *administer* the programs, functions, *services and activities* or portions thereof . . . because of their status as Indians." *Id*. at 900.03(b)(1). Accordingly, the "Secretary shall make best efforts to remove any obstacles which might hinder Indian tribes and tribal organizations including obstacles that hinder tribal autonomy and flexibility in the administration of such programs." *Id*.; *see also Salazar v. Ramah Navajo Chapter*, 567 U.S. 182, 194, 197, 132 S. Ct. 2181, 183 L. Ed. 2d 186 (2012) (stating that "contracts made under the ISDA specify that '[e]ach provision of [ISDA] and each provision of this Contract shall be liberally construed for the benefit of the Contractor'" and the "ISDA is construed in favor of tribes") (citation omitted).

---

[1] Tribal Police Chief Ashby's motion and reply are directed to the United States which initially declined to certify his scope of employment under the Nooksack 628 ISDA Contract, thereby declining to substitute itself as a defendant in this case pursuant to the Federal Tort Claims Act. Plaintiff Carmen Tageant has no legal authority to

DEFENDANT MICHAEL ASHBY'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF EMPLOYMENT - 2

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

1    Accordingly, the BIA/DOI 638 Contract with the Nooksack Tribe must be liberally

2    construed for the benefit of the Tribal Law Enforcement.

**B. At the Time of the Alleged Incident, Chief Ashby Was Performing His Duties Under the 638 Contract.**

The United States does not appear to dispute that Chief Ashby was performing 638 Contract duties at the time of the alleged incident, but instead focuses on the location of where those duties were performed. *See* Dkt. 14 at 8:16-20. Thus, the United States does not dispute that he was protecting "lives and property of persons," Dkt. 8-1 at 13 (Statement of Work), and fulfilling his "duties and responsibilities" to "ensure protection of life, property, and crime prevention." *Id*. at 19(f). Further, it is undisputed that on January 5, 2018, he responded to Election Superintendent Katrice Rodriguez's call for assistance with closing and securing the Election Board office for the official deadline of accepting candidate election materials. Dkt. 7, ¶¶ 9-10.

It is undisputed that the Election Board office is located on fee land, and therefore is not "within the exterior boundaries of the Nooksack Indian Reservation." Dkt. 18-1 at 13 (Section 2.A.). Nevertheless, the 638 Contract expressly contemplates that an officer may be "required to leave or operate outside of Indian country" when "operating within the scope of this contract." *Id*. at 14 (Section C). Here, Chief Ashby was fulfilling his duties under the 638 Contract when he responded to the Election Superintendent's call for assistance in securing the building and Tribal property.

---

make a scoping determination, and is not an aggrieved party with respect to this motion, therefore Chief Ashby limits his reply to the United States' response.

DEFENDANT MICHAEL ASHBY'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF EMPLOYMENT - 3

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. Thomas St., Suite 500
Seattle, WA 98119-4296
Tel 206 441-4455
Fax 206 441-8484

Significantly, the 638 Contract states that "[s]uch requirements [to leave or operate outside Indian country] may include, <u>but are not limited to</u>" six *examples* that follow. *Id.* (emphasis added). Liberally interpreting the 638 Contract for the benefit of the Nooksack Tribe, as Congress expressly intended, the phrase "may include, <u>but are not limited to</u>" contemplates activities to include (*but not limited to*) securing and closing a Tribal Election Board office. Nothing in the Contract restricts an officer from leaving and operating outside of Indian country while "still operating within the scope of this contract" beyond the six examples stated in the Contract. The United States urges the Court to ignore the phrase "including, but not limited to," arguing that the phrase "cannot extend the exceptions to any law enforcement service provided off the Reservation or outside Indian country." Dkt. 14 at 9:15-16. This argument misses the mark and is directly contradicted by the express term of the 638 Contract that states that "[w]hen operating within the scope of this contract, the contractor may be required to leave or operate outside Indian country." The Contract enumerates six examples of how this requirement may happen, but it is broadly states that the requirement is "not limited to" the six examples.

At least one example anticipates an officer *exercising Tribal jurisdiction outside of Indian country*. When "operating within the scope of this contract the contactor may be required to leave or operate outside of Indian country." Dkt. 8-1 at 14. The 638 Contract states that "[s]uch requirements may include, but are not limited to: (6) interviewing victims, witnesses, and suspects involved, or alleged to be involved, in offenses committed in Indian country." Dkt. 8-1 at 14 (Section C (6)). Based on this example, alone, a Tribal officer is not—as the United States suggests—suddenly stripped of criminal jurisdiction when he leaves Indian

DEFENDANT MICHAEL ASHBY'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF EMPLOYMENT - 4

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

country to perform duties under the Contract, such as interviewing victims, witnesses and suspects. In any event, Chief Ashby agrees that he did not have criminal jurisdiction over the Election Board office in this instance. *See* Dkt. 6 at 11:4-5. However, part of his 638 Contractual duties included protecting Tribal property, and his role in this instance was not unlike a guard on duty—which also falls under the 638 Contract providing that the "Contractor shall administer programs, services, functions and activities (or portions thereof) under this agreement in accordance with its own laws and policies which are incorporated herein by reference." Dkt. 8-1 at 9 (Section 2.A). It is the Nooksack Police Department's standard operating procedure for its tribal officers to provide "civil standby" services, building security checks, and building closures. *Id*. ¶ 18. On-duty Nooksack officers will provide the requested assistance to close and secure a public office if they are available. *Id*. ¶ 19.

The Court should reject the United States' narrow interpretation or entire elimination of the phrase "may include, but are not limited to." *See* Dkt. 14 at 9:9-21. It submits no legal authority that the Court should ignore this phrase. Nor does the United States provide legal authority for its contention that leaving or operating outside of Indian country is restricted exclusively to the six examples in the 638 Contract for the law enforcement program. It is this type of unsupported restriction that "hinder[s] tribal autonomy and flexibility in the administration of such programs." 25 C.F.R. Part 900.03(b)(1). Conversely, "*each provision of [an ISDA] contracts entered into thereunder shall be liberally construed for the benefit of the tribes* or tribal organizations to transfer the funding and related functions, services, activities, and programs" from the Federal government to the contractor. 25 C.F.R. Part 900.03(a)(5) (emphasis added).

DEFENDANT MICHAEL ASHBY'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF EMPLOYMENT - 5

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

## C. Both Prongs of the *Shirk* Test Are Satisfied; the FTCA Applies.

Deciding the existence of Federal Tort Claims Act jurisdiction requires a two-step approach. *Shirk v. United States*, 773 F.3d 999 (9th Cir. 2014). Failure at either step will be sufficient to defeat jurisdiction. *Id*. at 1005-06. First, the Court must determine whether the alleged activity is encompassed by the relevant federal contract or agreement. *Id*. at 1006. Here, the 638 Contract expressly enumerates the duty to "carry out patrol duties and ensure protection of life, property, and crime prevention." Dkt. 8-1 at 19 (Section f). To that end, Chief Ashby was protecting property; responding to a call for police assistance; and assisting with closing and securing the Election Board office. Dkt. 6 at 3-5; Dkt. 7. These duties are within the broad scope of the 638 Contract.

Performing certain duties required Chief Ashby to "leave or operate outside of Indian country." While this requirement was not within the purview of the six examples in the 638 Contract, it was certainly not limited to those examples. Interpreting the 638 Contract liberally and in favor of the Tribe, the first *Shirk* step is met by a preponderance of the evidence.

The second *Shirk* step requires the Court to decide "whether the alleged tortious action falls within the scope of the tortfeasor's employment under state law." The United States does not dispute that Chief Ashby was acting within the scope of his employment under state law, but again focuses on the location of the subject incident. *See* Dkt. 14 at 12:8-18. However, the 638 Contract expressly contemplates that an officer "may be required to leave or operate outside of Indian country" when operating within the scope of the 638 Contract. Dkt. 8-1 at 14.

In sum, Tribal law enforcement officers are considered *employees of the federal government* for Federal Tort Claims Act (FTCA) purposes when tribal law enforcement

DEFENDANT MICHAEL ASHBY'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF EMPLOYMENT - 6

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

functions—as here—are funded and performed pursuant to the 638 Contract. *See* Dkt. 8-1 at 64 (section 11). Accordingly, Chief Ashby should be deemed to be an employee of the federal government and all common law tort claims alleged to have been based on his conduct must be brought, as a matter of law, against the United States pursuant to the FTCA.

Based on the foregoing, this Court should certify that Chief Ashby was a federal employee for purposes of the FTCA and was acting within the scope of his office or employment at the time of the incident.

DATED this 9th day of August, 2019.

FLOYD, PFLUEGER & RINGER, P.S.

By: /s/ Thomas B. Nedderman
Thomas B. Nedderman, WSBA No. 28955
Tnedderman@floyd-ringer.com
FLOYD, PFLUEGER & RINGER P.S.
200 W. Thomas Street, Suite 500
Seattle, WA 98119
Tel (206) 441-4455
Fax (206) 441-8484
*Attorney for Defendant Ashby*

DEFENDANT MICHAEL ASHBY'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF EMPLOYMENT - 7

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

# CERTIFICATE OF SERVICE

I declare under penalty of perjury and the laws of the State of Washington that on the below date, I delivered a true and correct copy of DEFENDANT MICHAEL ASHBY'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF EMPLOYMENT via the method indicated below to the following parties:

| | | |
|---|---|---|
| Gabriel S. Galanda<br>Bree R. Black Horse<br>Galanda Broadman, PLLC<br>PO Box 15146<br>Seattle, WA 15146<br>gabe@galandabroadman.com<br>bree@galandabroadman.com | *Counsel for Plaintiff* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail<br>[X] Via CM/ECF |
| Michelle Lambert<br>Assistant US Attorney<br>1201 Pacific Avenue, Suite 700<br>Tacoma, WA 98406<br>(253) 428-3824 [P]<br>Michelle.Lambert@usdoj.gov | *Counsel for United States* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail<br>[X] Via CM/ECF |
| Charles Hurt<br>Rickie W. Armstrong<br>Office of Tribal Attorney<br>PO Box 63<br>5047 Mt. Baker Hwy<br>Deming, WA 98244<br>churt@nooksack-nsn.gov<br>rarmstrong@nooksack-nsn.gov | *Co-Counsel for Defendant Ashby* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail<br>[X] Via CM/ECF |

DATED this 9th day of August, 2019.

/s/ Monica R. Howard
Monica R. Howard, Legal Assistant

DEFENDANT MICHAEL ASHBY'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF EMPLOYMENT - 8

No. 2:19-cv-01082-JLR

FLOYD, PFLUEGER & RINGER P.S.
200 W. THOMAS ST., SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484